UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

                                Civil Action 2:13-cv-990
    v.                          Judge James L. Graham
                                Magistrate Judge Elizabeth P. Deavers

**KMART,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Harry Lott, who is proceeding without the assistance of counsel, brings this action against Defendant, Kmart, alleging that Kmart failed to hire him because of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Ohio Revised Code Section 4112.02.  Plaintiff also alleges that Kmart fraudulently concealed its anti-gender discrimination hiring policies from him.  This matter is before the Court for consideration of Kmart's Motion Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b).  (ECF No. 6.)  For the reasons set forth below, it is **RECOMMENDED** that Kmart's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.

**I.**

According to the Complaint, Plaintiff, a male, applied for an entry-level cashier position at Kmart located in Marietta, Ohio, five times between January 2012 and July 2012.  The Kmart located in Marietta, Ohio, did not offer Plaintiff an interview.  Plaintiff also submitted an application for employment to a Kmart located in Parkersburg, West Virginia, in April 2012.

The Kmart located in Parkersburg, West Virginia, scheduled Plaintiff for an interview, but did not hire him. Kmart did interview Plaintiff's sister and hired her on March 27, 2012. Plaintiff alleges that Kmart hired two new female cashiers in July 2012. On two occasions that Plaintiff visited Kmart, he observed only women working as cashiers. He alleges that Kmart has a custom of hiring females to work as cashiers in the front of their stores. Plaintiff also alleges that Kmart is fraudulently concealing evidence of its anti-discrimination hiring policies. He alleges that because of this fraud, he filed a claim against Kmart with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff first brought suit against Kmart on March 11, 2013. *Lott v. Kmart*, No. 13-cv-228 (the "228 Case"). In the 228 Case, Plaintiff asserted gender discrimination claims under Title VII premised upon Kmart's failure to hire him as a cashier. Kmart moved to dismiss, citing Plaintiff's failure to exhaust his administrative remedies. (228 Case, ECF No. 6.) The Undersigned recommended that the Court grant Kmart's Motion to Dismiss, explaining that because Plaintiff had failed to provide a right-to-sue letter from the EEOC, dismissal without prejudice for failure to exhaust administrative remedies was the appropriate course of action. (228 Case, July 2, 2013 Report & Rec. 2–3, ECF No. 22.) The Court adopted the Report and Recommendation over Plaintiff's objections and dismissed Plaintiff's discrimination claims "without prejudice to re-filing upon obtaining the requisite right-to-sue letter from the EEOC." (228 Case, July 29, 2013 Opinion & Order 4, ECF No. 27.)

In September 2013, Plaintiff filed the instant in action in a municipal court in Marietta, Ohio. The municipal court transferred the action to a common pleas court. On October 4, 2013, Kmart removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting that this Court had original jurisdiction pursuant to 28 U.S.C. §1332 because the parties are diverse and the

amount in controversy exceeds $75,000. (ECF No. 1.) In addition to re-asserting the Title VII gender discrimination claim he advanced in the 228 Case, Plaintiff asserts a claim under Ohio's anti-discrimination statute, Ohio Revised Code Section 4112.02, and a state-law fraud claim premised upon Kmart's alleged concealment of its hiring anti-discrimination policies. Plaintiff seeks $350,000 in damages. As in the 228 Case, Plaintiff did not attach a right-to-sue letter from the EEOC to his Complaint.

Kmart filed the subject Motion to Dismiss on October 11, 2013, seeking dismissal of Plaintiff's claims. Kmart posits that Plaintiff has failed to state a claim of fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure and that the doctrines of *res judicata* and collateral estoppel preclude Plaintiff's sexual discrimination claim.

Plaintiff did not file a Memorandum in Opposition to Kmart's Motion to Dismiss. He did, however, file a number of other documents. He titled the first of these documents "Summary Judgment." (ECF No. 9.) In this October 15, 2013 filing, Plaintiff moves for "default summary judgment" based upon Plaintiff's "failure to answer the claim within 21 days." (*Id*. at 1.) Two days later, Plaintiff filed two additional documents titled "Objections Notice of Removal; Cease and Desist; Conflict of Interest; Summary Judgment," (ECF No. 10), and "Objections to Estoppel," (ECF No. 11). In the first of these filings, Plaintiff asserts that he would not have had to sue Kmart under Ohio's anti-discrimination statute to find out why it hired his sister instead of him if Kmart had revealed its hiring policies to him. He also appears to argue that Kmart's counsel has a conflict of interest attributable to his failure to advise Kmart that it is discriminating against males and engaging in fraud such that Kmart's counsel is "failing to stop future crimes of violation of discrimination." (Pl's Obj. 2–5, ECF No. 10.) Plaintiff adds that Kmart's counsel has a duty to inform Kmart if it is engaging in discriminatory hiring

3

policies and to settle the lawsuit Plaintiff brought to prevent fraud on the Court.  (*Id*. at 2.)  He requests that the Court grant him "default summary judgment" based upon the alleged conflict of interest.  (*Id*. at 4.)  Plaintiff also submits that removal was improper because he advanced a fraud claim against Kmart.  (*Id*. at 4–5.)  In the second of Plaintiff's October 17, 2013 filings, as best the Court can discern, Plaintiff is generally objecting to Kmart's contention that the doctrine of *res judicata* operates to bar his claims.  (ECF No. 11.)  In Plaintiff's October 28, 2013 filing, a document he titled "Objections—Full," he recites authority regarding to the doctrine of collateral estoppel and claims of fraud.  (ECF No. 12.)  Finally, in a document Plaintiff titles "Objection to Legal Representation," which he filed on November 23, 2013, Plaintiff recites general authority relating to conflicts of interest.  (ECF No. 5.)

Kmart filed a Response in Opposition to Plaintiff's Miscellaneous Filings on November 11, 2013.  (ECF No. 13.)  Kmart asserts that Plaintiff's miscellaneous filings "contain[] no legal or factual grounds for any type of relief and must be considered mere frivolous documents without any materiality or relevance to these proceedings."  (Kmart's Opp. 10, ECF No. 13.)  Kmart requests that the Court grant its Motion to Dismiss and alternatively asks the Court to issue a scheduling order in an effort to limit Plaintiff's frivolous filings.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630, Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

4

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints to "'less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

As a threshold matter, the Undersigned agrees with Kmart that Plaintiff's miscellaneous filings offer no legal or factual grounds for any type of relief. Plaintiff's objection to Kmart's removal lacks merit. Kmart's Notice of Removal contains unrefuted statements establishing diversity of citizenship. Moreover, Plaintiff's Complaint seeks an amount in excess of $75,000.

Thus, this Court had original jurisdiction pursuant to 28 U.S.C. § 1332(a). Kmart therefore properly removed this action to this Court under 28 U.S.C. § 1441(b). Plaintiff's contention that he is entitled to judgment on the grounds that Kmart failed to timely answer or because its counsel has a conflict of interest is equally unavailing. Kmart timely filed its Motion to Dismiss in lieu of an answer. Additionally, the Rules of Professional Conduct upon which Plaintiff relies provide no legal basis for an entry of judgment. The Undersigned now considers Kmart's Motion to Dismiss.

**A.     Discrimination Claims**

Kmart asserts that Plaintiff's Title VII discrimination claims must be dismissed under the doctrines of *res judicata* and collateral estoppel. Kmart reasons that dismissal is appropriate because Plaintiff again failed to attach the requisite right-to-sue letter. The Undersigned finds that issue preclusion applies and requires dismissal of Plaintiff's Title VII discrimination claims without prejudice.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as '*res judicata*.'" *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* The doctrine of issue preclusion, in contrast, "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Georgia–Pac. Consumer Prods. LP v. Four–U–Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (citations omitted); *Taylor*, 553 U.S. at 892 ("Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to

the prior judgment, even if the issue recurs in the context of a different claim.") (internal quotation marks and citation omitted). The doctrines of claim and issue preclusion "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor,* 553 U.S. at 892.

Applied here, the Undersigned finds that the 228 Case does not provide a basis for claim preclusion because the Court did not reach the requisite final judgment on the merits. Rather, as set forth above, in the 228 Case, the Court explicitly dismissed Plaintiff's Title VII claim "without prejudice to re-filing upon obtaining the requisite right-to-sue letter from the EEOC." (228 Case, July 29, 2013 Opinion & Order 4, ECF No. 27.) Thus, the doctrine of claim preclusion is inapplicable. *See, e.g., Donohue ex rel. Estate of Donohue v. United States*, No. 1:05 CV 175, 2006 WL 2990387, at *7 (S.D. Ohio Oct. 18, 2006) (denying the defendant's motion to dismiss with regard to a claim that had previously been dismissed without prejudice for failure to exhaust administrative remedies, explaining that "*res judicata* does not bar the plaintiff from raising those claims in a subsequent lawsuit").

The doctrine of issue preclusion, however, is applicable here. In the 228 Case, the parties litigated the issue of whether Plaintiff's failure to attach a right-to-sue letter from the EEOC warranted dismissal of his Title VII claims without prejudice. Thus, Plaintiff is barred on issue preclusion grounds from relitigating that issue (and only that issue) in this case, even though the Court did not reach the merits of his underlying Title VII claims. *See e.g.*, *Am. Postal Workers Union Columbus Area Local AFL-CIO v. United States Postal Serv.*, 736 F.2d 317, 319 (6th Cir. 1984) (indicating that under the doctrine of issue preclusion, "a judgment is not required so long as there has been a final decision with respect to the issue to be given preclusive effect")

(citations omitted); *Harris v. Lloyds TSB Bank PLC*, No. 3:09-0650, 2009 WL 3048639, at *3 (M.D. Tenn. Sept. 17, 2009) (noting that "a dismissal of the prior proceeding, with prejudice, is not required for issue preclusion to have effect in a subsequent proceeding" and that "all that is required is a final decision with regards to the particular issue to be given preclusive effect") (citations omitted); *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999) ("[A]n issue actually decided in a non-merits dismissal is given preclusive effect in a subsequent action between the same parties."); *Link v. Pile Drivers Union Local 34*, No. 10–16899, 2012 WL 76888, at *1 (9th Cir. Jan. 11, 2012) (concluding that the plaintiff was barred on issue preclusion grounds from relitigating the issue of whether he had failed to exhaust his intra-union remedies where he had previously litigated that issue, even though the merits of his underlying claims were left undecided). It is therefore **RECOMMENDED** that the Court give preclusive effect its determination in the 228 Case that Plaintiff's failure to attach a right-to-sue letter from the EEOC warranted dismissal without prejudice of his Title VII claims for failure to exhaust administrative remedies. Accordingly, for the reasons set forth in the July 2, 2013 Report and Recommendation, (228 Case, ECF No. 22), and the July 29, 2013 Opinion and Order, (228 Case, ECF No. 27), which are given preclusive effect, the Undersigned **RECOMMENDS DISMISSAL** of Plaintiff's Title VII claims **WITHOUT PREJUDICE** to re-filing upon obtaining the requisite right-to-sue letter from the EEOC.

The Undersigned's recommendation does not, however, extend to Plaintiff's claim brought under Ohio's anti-discrimination statute, Ohio Revised Code Section 4112.02. Although discrimination claims brought under Ohio Revised Code Section 4112.02 are analyzed under the same framework as Title VII claims, exhaustion of administrative remedies is not required in actions under Section 4112. *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 137 (1991)

(rejecting employer's argument that an individual must first exhaust administrative procedures before the Ohio Civil Rights Commission before filing suit and holding instead that an individual "may, pursuant to [Section 4112] institute an independent civil action to seek redress for discrimination"); *Smith v. Friendship Village*, 92 Ohio St.3d 503, 506 (2001) (reaffirming principles articulated in *Elek*); *see also Franko v. City of Cleveland*, 654 F.Supp.2d 711, 715–16 (N.D. Ohio 2009) (dismissing Title VII claim for failure to exhaust administrative remedies but declining to dismiss claims brought under § 4112.02).  Thus, it is **RECOMMENDED** that Kmart's Motion to Dismiss be **DENIED** with regard to Plaintiff's discrimination claim brought under § 4112.

**B.**     **Fraud Claim**

Upon review, the Undersigned agrees with Kmart that Plaintiff has failed to sufficiently plead a fraud claim under Ohio law.

To demonstrate a claim for fraud under Ohio law, a plaintiff must prove:

> (a) a representation, or where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it was true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm–Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987) (citations omitted).  Further, under Ohio law:

> [F]raud is committed by a failure to disclose only when the person is under a duty to disclose, and the duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or another similar relation of trust and confidence between them.

*Id*.

Although most claims are pled under the "lenient" Rule 8(a) notice pleading standard, the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure

9

applies to fraud claims. *Vandenheede v. Vecchio*, --- F. App'x ----, No. 13-1253, 2013 WL 5433467, at *2 (6th Cir. Oct. 1, 2013). Rule 9(b) requires a plaintiff asserting a fraud claim: "'(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent.'" *Id*. (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.,* 683 F.3d 239, 247 (6th Cir. 2012)). In addition, although Rule 9(b) permits conditions of a person's mind to be alleged generally, "the plaintiff must 'plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face.'" *Vandenheede*, 2013 WL 5433467 at *2 (quoting *Republic Bank & Trust Co.*, 683 F.3d at 247).

Here, Plaintiff has not satisfied Rule 8(a)'s "plausibility" standard, let alone Rule 9(b)'s heightened-pleading standard. To begin, Plaintiff's Complaint fails to provide particularized facts from which this Court could infer that Kmart had a duty to disclose its anti-discrimination policies to Plaintiff. Nor does Plaintiff plead any factual content that explains what made Kmart's alleged concealment of its policies fraudulent. Moreover, Plaintiff fails to include specific facts supporting an inference that he justifiably relied on Kmart's alleged concealment or that any such reliance caused him injury. Rather, Plaintiff vaguely alleges that Kmart fraudulently concealed its policies and conclusorily asserts that he suffered "damages from the fraud by being discriminated against." (Compl. 3, ECF No. 3.) These "naked assertions devoid of further factual enhancement" do not satisfy Rule 8(a). *Iqbal*, 566 U.S. at 678 (internal quotation marks and citation omitted). It is therefore **RECOMMENDED** that Plaintiff's state-law fraud claim be **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that Kmart's Motion Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b) be **GRANTED IN PART AND DENIED IN PART**.  (ECF No. 6.)  More specifically, it is **RECOMMENDED** that Plaintiff's Title VII claim be **DISMISSED WITHOUT PREJUDICE** to re-filing upon obtaining the requisite right-to-sue letter from the EEOC; that Kmart's Motion to Dismiss be **DENIED** with regard to Plaintiff's discrimination claim brought under Ohio Revised Code Section 4112; and that Plaintiff's fraud claim be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Rule 12(b)(6).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed,

appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  December 18, 2013                              /s/ *Elizabeth A. Preston Deavers*
                                                                               Elizabeth A. Preston Deavers
                                                                               United States Magistrate Judge