```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Harry William Lott,

    Plaintiff,

  v.                          Case No. 2:13-cv-990

Kmart,

    Defendant.

## OPINION AND ORDER

This action was originally filed by Harry William Lott against Kmart in the Marietta Municipal Court, Washington County, Ohio, on September 16, 2013. On October 4, 2013, Kmart filed a notice of removal of the action to this court based on diversity of citizenship.

In his complaint, plaintiff alleges that he had applied for a cashier's job at Kmart on several occasions. He further alleges that his sister obtained a job at Kmart, but that he was not hired. Plaintiff contends that he then charged Kmart with discriminating against him by failing to hire him because he was male. Plaintiff asserts in his complaint that he "believes that his failure to hire is based on Title VII of the Civil Rights Act of 1964 over his gender of being a male." Doc. 3, p. 2. He further alleges that Kmart has an anti-discrimination policy in place to show new employees, and that Kmart engaged in fraud by concealing this anti-discrimination policy from him. Doc. 3, p. 2.

On October 11, 2013, Kmart moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. Kmart argued that plaintiff's discrimination claim should be dismissed under the doctrines of res

judicata and collateral estoppel because he pursued the same Title VII claim in <u>Lott v. Kmart</u>, Case No. 2:13-cv-228. That action was dismissed without prejudice on July 29, 2013, due to plaintiff's failure to exhaust his administrative remedies by obtaining a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has also failed to produce a right-to-sue letter in the instant case. Kmart moved to dismiss the fraudulent concealment claim pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity.

On October 15, 2013, plaintiff filed a motion for summary judgment, arguing that he was entitled to default judgment due to defendant's failure to file an answer. <u>See</u> Doc. 9. Plaintiff also filed other documents objecting to the removal of the action from the state court based on diversity jurisdiction; arguing that Kmart's attorneys have a conflict of interest because they committed disciplinary rule violations and fraud by not disclosing Kmart's anti-discrimination policies and employee handbook to him; and arguing that collateral estoppel should not apply because his fraud claim was not reasonably foreseeable when he filed his previous Title VII action in this court. <u>See</u> Docs. 7, 8, 10-12, 14.

<u>I. Report and Recommendation</u>

<u>A. Standards</u>

This matter is now before the court for consideration of the December 18, 2013, report and recommendation of the magistrate judge. The parties have timely filed objections to the report and recommendation under Fed. R. Civ. P. 72(b). If a party objects within the allotted time to a report and recommendation, the court

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §636(b)(1); see also Fed R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

2. Plaintiff's Motion for Summary Judgment

The magistrate judge properly found that plaintiff was not entitled to summary judgment because of Kmart's failure to file an answer.  Doc. 15, p. 6.  Kmart timely filed a motion to dismiss under Rule 12(b), which tolled the time for filing an answer.  Plaintiff's motion for summary judgment is denied.

3. Diversity Jurisdiction

The magistrate judge correctly concluded that the removal of this action was appropriate based on diversity of citizenship.  Doc. 15, pp. 5-6.  The uncontested notice of removal states that plaintiff is a citizen of Ohio and Kmart is a Michigan corporation with its principal place of business in Illinois.  In addition, plaintiff acknowledges that he seeks monetary damages in excess of $75,000.  Thus, the removal complies with 28 U.S.C. §1332(a) and this court has subject matter jurisdiction.

4. Res Judicata and Collateral Estoppel

In regard to Kmart's motion to dismiss, the magistrate judge correctly found that the doctrine of res judicata (claim preclusion) does not apply in this case because the dismissal of Case No. 2:13-cv-228 without prejudice for failure to exhaust administrative remedies did not result in a final judgment on the merits.  Doc. 15, pp. 6-7.  Neither party objected to this

conclusion.

The magistrate judge further found that collateral estoppel or issue preclusion, which "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action," Georgia-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc., 701 F.3d 1093, 1098 (6th Cir. 2012), applied in this case to bar plaintiff from relitigating the issue of whether his failure to produce a right-to-sue letter warrants dismissal of his Title VII claim. Doc. 15, pp. 7-8. This court agrees. Because further litigation of the issue is barred, and because plaintiff has not produced a right-to-sue letter in this case, his Title VII claim must be dismissed without prejudice for failure to exhaust administrative remedies.

Plaintiff has filed an objection to the report and recommendation. Doc. 16. He alleges that Kmart's attorneys are acting under a conflict of interest because he has filed an action against them in the Common Pleas Court of Washington County, Ohio, and that they have violated various disciplinary rules. Doc. 16, pp. 1-2. However, whether Kmart's attorneys are acting under a conflict of interest or have committed disciplinary rule violations is not relevant to the collateral estoppel and exhaustion issues before the court. Plaintiff also states in his objection that the right-to-sue letter would not have been needed if Kmart had disclosed and followed its employee handbook containing "mandatory and specific disciplinary policies" because there "could be policies in place showing how to deal with the event [the failure to hire plaintiff] without the right to sue letter or the EEOC."

Doc. 16, p. 3. This argument does not excuse plaintiff's failure to exhaust his administrative remedies before pursuing his failure-to-hire Title VII claim in either case, nor is it relevant to the application of the collateral estoppel doctrine barring further litigation of the exhaustion issue. Plaintiff had ample opportunity in Case No. 2:13-cv-228 to argue the question of whether his failure to produce a right-to-sue letter required dismissal of his Title VII claim due to his failure to exhaust administrative remedies, and that issue was decided against him. Plaintiff's objection (Doc. 16) is not well taken, and his Title VII claim will be dismissed without prejudice to re-filing upon his obtaining the requisite right-to-sue letter.

The magistrate judge's recommendation of dismissal based on collateral estoppel did not extend to plaintiff's gender discrimination claim under Ohio Rev. Code §4112.02. The magistrate judge correctly noted that there is no requirement for exhaustion of administrative remedies under that statute. See Elek v. Huntington Nat'l Bank, 60 Ohio St.3d 135, 137 (1991). Plaintiff did not assert a state-law discrimination claim in Case No. 2:13-cv-228, and the issue of whether such a claim requires exhaustion of administrative remedies was not decided by the court in that case. The magistrate judge recommended denying Kmart's motion to dismiss plaintiff's discrimination claim under §4112.02.

Kmart has filed an objection to this section of the report and recommendation, arguing that the magistrate judge incorrectly construed the complaint as asserting a discrimination claim under §4112.02. Kmart notes that the only reference to Ohio discrimination law in plaintiff's complaint is a citation to "ORC

5

4112-5-05(B)(1)" (the correct citation being Ohio Admin. Code §4112-5-05(B)(1)). Kmart contends that because plaintiff has no private cause of action under this regulatory provision, and because he failed to specifically refer to §4112.02, the Ohio Revised Code section which does provide such a cause of action, his complaint should not be construed as asserting a state-law discrimination claim. Kmart also argues that the complaint fails to state a claim of discrimination under Ohio law.

As the magistrate judge noted, pro se complaints are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Garrett v. Belmont Cty. Sheriff's Dep't, 374 F.App'x 612, 614 (6th Cir 2010)(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A plaintiff is not required to plead legal theories or to specify the statute which defendant has allegedly violated. Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002); see also Gean v. Hattaway, 330 F.3d 758, 765 (6th Cir. 2003)(mere failure to refer to statute which provides the legal theory giving rise to plaintiff's claim does not mandate dismissal).

The magistrate judge reasonably concluded that plaintiff intended to assert a gender discrimination claim under Ohio law. The case was originally filed in state court, where plaintiff could be expected to assert state law claims. Following a section of the complaint entitled "General Allegations," in which plaintiff asserted that he applied for jobs at Kmart but was not hired, allegedly based on his male gender, the complaint refers to two Ohio law provisions. After the heading **"Sex discrimination"** in bold, the complaint quotes from "ORC [sic] 4112-5-05(B)(1)," which

6

provides that the bona fide occupational qualification exception for sex does not apply to:

> (1) Refusal to hire, promote, recall or deny any individual any term, condition or privilege of employment based upon stereotyped characterizations of the sexes. Individuals shall be considered on the basis of individual capacities rather than on the basis of characteristics generally attributed to that group.

Doc. 3, p. 2. Plaintiff further alleged that "[a]fter filling out a job application, the plaintiff relied on Kmart's good faith that they would call him based on ORC [sic] 4112-5-05(B)(1)." Doc. 3, p. 2. He referred again to §4112-5-05(B)(1) in his filing of October 17, 2013, noting that "[a] company has to have bylaws with dealing [with] discrimination—they have to have anti-discrimination policies or they are in concealment of ORC [sic] 4112-5-05 Sex discrimination to new employees." Doc. 10, p. 1. In his complaint, plaintiff also cited Ohio Rev. Code §2315.18(B)(2), a section that addresses the amount of compensatory damages that may be recovered in a tort action under Ohio law. Doc. 3, p. 3.

In its October 11, 2013, motion to dismiss, Kmart moved to dismiss plaintiff's discrimination claim solely on the grounds of res judicata and collateral estoppel. The magistrate judge's recommendation extends no further than to say that any Ohio law discrimination claim asserted in the complaint should not be dismissed on collateral estoppel grounds for failure to exhaust administrative remedies. The issue of whether the complaint contains sufficient factual allegations to state a claim under Ohio discrimination law was not before the magistrate judge, nor is it properly before the court at this time. Kmart has raised this issue for the first time in its objection to the report and

7

recommendation. Parties are not permitted to raise new arguments at the district court stage that were not presented to the magistrate judge. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Kmart's objection is denied. However, the court will permit Kmart to file a supplemental motion to dismiss addressing the issue of whether the complaint is sufficient to state a claim under Ohio discrimination law.

5. Fraud Claim

The magistrate judge also addressed Kmart's motion to dismiss the fraud claim pursuant to Rule 9(b). The magistrate judge recited the elements of a fraud claim under Ohio law, including the fact that fraud through concealment occurs only when the person is under a duty to disclose, which arises when the person has information that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them. Doc. 15, p. 9 (citing Gaines v. Preterm-Cleveland, Inc., 33 Ohio St.3d 54, 55 (1987)). The magistrate judge also noted Rule 9(b), which requires a plaintiff asserting a fraud claim: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent. Doc. 15, p. 10 (citing Republic Bank & Trust Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 247 (6th Cir. 2012)). The magistrate judge concluded that the complaint failed to provide particularized facts: (1) from which it could be inferred that Kmart had a duty to disclose its anti-discrimination policies to plaintiff; (2) explaining what made Kmart's alleged concealment of its anti-discrimination policies fraudulent; or (3) explaining how or why plaintiff justifiably

8

relied on Kmart's alleged concealment of its anti-discrimination policies to his injury. The magistrate judge recommended that the fraud claim be dismissed for failure to state a claim. Doc. 15, p. 10.

In his objection to the report and recommendation, as noted previously, plaintiff argued that Kmart's attorneys are operating under a conflict of interest and have committed disciplinary rule violations. This has no bearing on the sufficiency of the fraud allegations. Plaintiff also states that Kmart and its attorneys committed theft and fraud by not showing him Kmart's employee handbook, which included specific disciplinary policies. Doc. 16, p. 3. These statements do nothing to explain or rectify the deficiencies in plaintiff's fraud allegations. The court agrees with the conclusion of the magistrate judge that plaintiff's fraud claim fails to comply with Rule 9(b), and that the fraud claim must be dismissed under Rule 12(b)(6) for failure to state a claim.

II. Conclusion

The court has reviewed the report and recommendation and the objections to the report and recommendation in accordance with 28 U.S.C. §636(b)(1) and Rule 72(b). The court concludes that the objections lack merit. The court adopts the report and recommendation (Doc. 15). Plaintiff's motion for summary judgment (Doc. 9) is denied. Kmart's motion to dismiss (Doc. 6) is granted in part and denied in part. Plaintiff's Title VII claim is dismissed without prejudice to re-filing upon plaintiff's obtaining the requisite right-to-sue letter from the EEOC. Kmart's motion to dismiss is denied as to plaintiff's discrimination claim brought under §4112.02. Plaintiff's fraud claim is dismissed pursuant to

Rules 9(b) and 12(b)(6) for failure to state a claim.  Kmart is granted leave to file a supplemental motion to dismiss plaintiff's state-law discrimination claim within thirty days of the date of this order.  If Kmart elects not to file such a motion, it shall file an answer within thirty days of the date of this order.

Date: January 22, 2014                  s/James L. Graham
                                             James L. Graham
                                             United States District Judge