UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

                                      **Civil Action 2:13-cv-990**
    **v.**                                   **Judge James L. Graham**
                                      **Magistrate Judge Elizabeth P. Deavers**

**KMART,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Harry Lott, who is proceeding without the assistance of counsel, brings this action against Defendant, Kmart, alleging that Kmart failed to hire him because of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Ohio Revised Code § 4112.02.  Plaintiff also alleges that Kmart fraudulently concealed its anti-gender discrimination hiring policies from him.  On January 22, 2014, the Court dismissed Plaintiff's Title VII and state-law fraud claims, leaving his discrimination claim under Section 4112.02 as his sole remaining claim.  (ECF No. 19.)  This matter is before the United States Magistrate Judge for a Report and Recommendation on Kmart's Supplemental Motion Dismiss Plaintiff's State-Law Discrimination Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), in which Kmart seeks dismissal of Plaintiff's remaining claim.  (ECF No. 21.)  For the reasons set forth below, it is **RECOMMENDED** that Kmart's Motion to Dismiss be **GRANTED.**

**I.**

According to the Complaint, Plaintiff, a male, applied for an entry-level cashier position at Kmart located in Marietta, Ohio, five times between January 2012 and July 2012. The Kmart located in Marietta, Ohio, did not offer Plaintiff an interview. Plaintiff also submitted an application for employment to a Kmart located in Parkersburg, West Virginia, in April 2012. The Kmart located in Parkersburg, West Virginia, scheduled Plaintiff for an interview, but did not hire him. Kmart did interview Plaintiff's sister and hired her on March 27, 2012.  Plaintiff alleges that Kmart hired two new female cashiers in July 2012. On two occasions that Plaintiff visited Kmart, he observed only women working as cashiers. He "noted on paper that Kmart had a custom to put women on the front as cashier." (Compl. 1-2, ECF No. 3.) Plaintiff alleges that Kmart did not hire him because he is a male.

In its Supplemental Motion to Dismiss, Kmart asserts that Plaintiff has failed to present sufficient factual allegations to state a plausible discrimination claim under Section 4112.02. In support of this contention, Kmart asserts that Plaintiff Complaint lacks "any reference to unlawful discriminatory practices" and that he "has not [pled] factual content that allows this Court to draw the reasonable inference that Kmart is liable for any alleged misconduct through discrimination." (Kmart's Mot. 6-7, ECF No. 21.) Kmart further posits that Plaintiff's failure to explicitly reference Ohio Revised Code § 4112.02 requires dismissal. Kmart adds that Plaintiff's reference to Ohio Administrative Code ("OAC")  4112-5-05(B)(1)[1] cannot save his purported discrimination claim because that provision does not provide an individual with a private right of action. Plaintiff did not file a memorandum in opposition to Kmart's Motion.

---

[1] Plaintiff incorrectly identifies OAC 4112-5-05(B)(1) as "ORC 4112-5-05(B)(1)." (Compl. 2, ECF No. 3.)

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630, Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints to "'less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"

*Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

As a preliminary matter, the Undersigned agrees with Kmart that to the extent Plaintiff seeks to assert a claim under OAC 4112-5-05(B)(1), such a claim fails as that provision does create a private right of action. *See Furr v. State Farm Mut. Auto. Ins. Co*., 128 Ohio App.3d 607, 616 (Ohio App. 6 Dist. 1998) (noting that "the Ohio Administrative Code does not create a private cause of action").

The Undersigned, however, rejects Kmart's contention that Plaintiff's failure to explicitly reference Ohio Revised Code § 4112.02 is fatal. The Court has already addressed and rejected that contention as follows:

> As the magistrate judge noted, *pro se* complaints are held to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Garrett v. Belmont Cty. Sheriff's Dep't,* 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). A plaintiff is not required to plead legal theories or to specify the statute which defendant has allegedly violated. *Shah v. Inter–Continental Hotel Chicago Operating Corp.,* 314 F.3d 278, 282 (7th Cir. 2002); *see also Gean v. Hattaway,* 330 F.3d 758, 765 (6th Cir. 2003) (mere failure to refer to statute which provides the legal theory giving rise to plaintiff's claim does not mandate dismissal).

*Lott v. Kmart*, No. 13-cv-990, 2014 WL 234665, at *3 (S.D. Ohio Jan. 22, 2014).

Thus, the viability of Kmart's Motion turns on whether the allegations Plaintiff sets forth in his Complaint contain sufficient factual matter to state a facially plausible claim for relief under Ohio's antidiscrimination statute, Ohio Revised Code § 4112.02. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Section 4112.02(A) prohibits "any employer . . . to refuse to hire" an individual "because of . . . sex." Ohio Rev. Code § 4112.02(A). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506

4

(2002), the United States Supreme Court held that in the discrimination context, a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement" and that "the ordinary rules for assessing the sufficiency of a complaint apply." *Id*. at 510.  The Court must therefore apply the "plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

Applying the foregoing authority here, to survive a motion to dismiss, Plaintiff's Complaint must allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Kmart did not hire Plaintiff *because* of his gender.  *See Keys*, 684 F.3d at 610 (the plausibility standard "applies to causation in discrimination claims"); Ohio Rev. Code Code § 4112.02.  Plaintiff's Complaint fails in this regard.  More specifically, although Plaintiff personally draws the inference that he was not hired on account of his gender, he offers no allegations in his Complaint upon which the Court could draw such an inference.  Most notably, his Complaint fails to set forth allegations upon which the Court could infer that he was even minimally qualified for the cashier's position for which he applied.  *Cf. Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . was a result of discrimination based upon his race or his gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff").

Because Plaintiff has failed to sufficiently plead a plausible claim for relief under Section 4112.02, it is **RECOMMENDED** that the Court **GRANT** Kmart's Supplemental Motion to Dismiss.  (ECF No. 21.)

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 9, 2014                                         /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge

6